IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01602-WYD-MJW

GILBERT CORTEZ WRIGHT,

    Plaintiff,

v.

JANET NAPOLITANO,[1] Secretary, Department of Homeland Security,

    Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

This matter is before the Court on the parties' joint motion under Fed. R. Civ. P. 26(c)(1) for entry of a stipulated protective order. Plaintiff Gilbert Cortez Wright sued Defendant Janet Napolitano, Secretary, Department of Homeland Security ("Defendant"), alleging violations of the Civil Rights Act of 1964, as amended, codified in relevant part at 42 U.S.C. § 2000(e) *et seq.* ("Title VII").

The Court finds that, based on the representation of the parties, disclosure of information obtained from materials protected by the Privacy Act, 5 U.S.C. § 522a, as well as Sensitive Security Information ("SSI"), as defined in 49 C.F.R. Part 1520, may be necessary to the resolution of this action. The Court agrees that the following Protective Order should be entered in order to 1) protect the privacy of present and former employees of the

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Janet Napolitano, as Michael Chertoff's successor, is automatically substituted as a party.

Department of Homeland Security and the Transportation Security Administration ("TSA") against the unreasonable and unlawful disclosure of information and records as specified by the provisions of the Privacy Act, 5 U.S.C. § 552a, as well as prevent disclosure of SSI as defined in 49 C.F.R. Part 1520; and 2) allow Defendant to release such information and records without violating the provisions of the Privacy Act or the SSI provisions, as well as facilitate the preparation and trial of this Case. Accordingly,

**IT IS THEREFORE ORDERED** that Defendant, including the Department of Homeland Security and the Transportation Security Administration, is authorized to release to the United States Attorney's Office documents and information relevant to this Case, which are covered by the Privacy Act, without first obtaining prior consent of the individual to whom such records pertain, including Plaintiff. The United States Attorney's Office is further authorized to release to Plaintiff the documents and information covered by the Privacy Act, without first obtaining prior consent of the individual to whom such records pertain, including Plaintiff. Furthermore, both parties are authorized to disclose these materials to the Court.

**IT IS FURTHER ORDERED** that this Protective Order shall apply to, govern and direct the disclosure in the course of this action of ALL Agency records that contain SSI or that are either protected by the Privacy Act or that otherwise contain personal information regarding individuals other than Plaintiff and that are reasonably necessary or useful to respond to Plaintiff's discovery or otherwise relate to the defense of this case by the Agency. Such documents shall be considered "Protected Materials" (hereinafter also referred to as "Discovery Materials"). Pursuant to 5 U.S.C. § 552a(b)(11) and Federal Rule

of Civil Procedure 26(c), this Protective Order permits the Agency to produce information and records reasonably calculated to provide Plaintiff the discovery he seeks without requiring Agency officials to pre-screen each document for Privacy Act objections and presenting those objections to this Court for a decision regarding disclosure. This Protective Order does not constitute a waiver by either party of their respective rights under the Federal Rules of Civil Procedure and Federal Rules of Evidence, nor does it constitute any decision by the Court concerning discovery, the admission into evidence of Protected Documents, or liability for payment of costs of production of such Protected Documents.

**IT IS FURTHER ORDERED** that the Protected Materials produced pursuant to this Protective Order shall not be used or disclosed to any party by Plaintiff or his counsel for any purpose other than for the preparation for, and hearing of, or trial of this case, styled Wright v. Janet Napolitano, Secretary, United States Department of Homeland Security, Civil Action No. 1:08-cv-1602 in the United States District Court for the District of Colorado (the "Case"), and any appeal and remand of the Case.

**IT IS FURTHER ORDERED** that the materials and information disclosed pursuant to this Order shall be destroyed or returned to Defendant's counsel within thirty (30) days after the conclusion of all proceedings, including any settlement, trial or appeal; and it shall be the obligation of the holder of protected information to return or destroy the information as set forth under this Order.

**IT IS FURTHER ORDERED** that any party who obtains Protected Materials pursuant to this Protective Order shall not disclose or permit disclosure of such Protected Materials to any other person or entity, except in the following circumstances, and any

person to whom disclosure is made shall be advised of and become subject to the provisions of this Protective Order requiring that the Protected Materials be held in confidence.

## SENSITIVE SECURITY INFORMATION

1. Plaintiff may have access to materials that are marked as SSI or may contain SSI, provided that the information is relevant to the Case and that Plaintiff had access to such information during his employment with Defendant.

2. SSI is a specific category of information that requires protection against unauthorized disclosure, pursuant to 49 U.S.C. §114(s) & 49 C.F.R. Part 1520. Unauthorized disclosure of SSI may be detrimental to the security of transportation, may constitute an unwarranted invasion of personal privacy, or may reveal a trade secret or privileged or confidential commercial or financial information. Unauthorized disclosure may also result in a civil enforcement penalty or other enforcement action by TSA against the party making the unauthorized disclosure.

3. Discovery Material encompassed in this protective order includes, without limitation, deposition testimony, deposition transcripts, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, documents produced pursuant to compulsory process or voluntarily in lieu of process, and any other documents or information produced or given to one party by another party or by a third party in connection with discovery in this matter. Information taken from Discovery Material that reveals its substance shall also be considered Discovery Material.

4. SSI should be safeguarded in such a way that it is not physically or visually accessible to persons who do not have a "need to know," as defined in 49 C.F.R. Part 1520.

When unattended, SSI must be secured in a locked container or office or other restricted access area.

5. Documents containing SSI that inadvertently have not been marked as SSI still must be safeguarded against unauthorized disclosure. Deposition testimony that may contain SSI should be so designated by verbal notice or written notice within 10 days of receipt of the transcript. However, testimony containing SSI that is not designated, through mistake, nonetheless must be safeguarded against unauthorized disclosure.

6. Documents that contain SSI may not be further disseminated to persons without a need to know except with written permission from TSA. SSI must not be disclosed by either party to any person or entity, other than those enumerated below in paragraphs eight and nine. If either party wishes to make public any information that may constitute SSI, it must submit a request for authorization to TSA in a timely manner.

7. Documents that are marked SSI or, though not marked, contain SSI, shall be treated as confidential and shall not be published or made available to the general public in any form (including paper or electronic form), but instead shall be filed under seal. Material filed under seal will be available only to the persons enumerated in paragraphs eight and nine. Further, all documents subject to this Order shall be marked as follows: "Confidential."

8. The right of access to all materials marked SSI or containing SSI shall be limited to TSA, the Plaintiff, and counsel for the parties and paralegal, secretarial and clerical personnel in their employ.

9.   In addition, any Judge, Magistrate, or employee of the Court is a Covered Person, as defined in 49 C.F.R. §1520.7, and nothing in this Order shall preclude any disclosure of documents subject to this Order to any employee of the Court for purposes of this action.

10.   The parties, as covered persons with a need to know, have an obligation to protect SSI and prevent its unauthorized disclosure. 49 C.F.R. § 1520.9. Therefore, if either party indents to disclose SSI at any hearing or trial in this case, the parties must jointly file a motion to close court proceedings pursuant to D.C.COLO.LCivR 7.2(A) to anyone who is not a covered person with a need to know. If an order closing the proceedings is not entered, then the parties shall not disclose SSI in those proceedings.

## **PRIVACY ACT**

11.   The materials and information protected by the Privacy Act shall be designated as such when disclosed.

12.   Access to the materials and information shall be limited to the parties, and other personnel in their employ, counsel for the parties, including agency counsel, law clerks, paralegals, secretaries, experts (whether or not formally designated as such), lay witnesses (whether or not formally designated as such), as well as any other person mutually authorized by the parties to examine such material.

13.   Nothing in this Order shall preclude any disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

14. Any person having access to the materials and information subject to this Order shall be informed that it is confidential and subject to this protective Order of this Court.

15. Except as otherwise provided herein, no person having access to this protected material and information shall make public its disclosure without further order of the Court or stipulation of the parties.

16. All materials and information protected by this Order that need to be filed with the Court shall be filed under seal. Further, all documents subject to this Order shall be marked as follows: "Confidential."

**IT IS FURTHER ORDERED** that the Parties shall maintain the confidentiality of Protected Materials subject to the Protective Order.

It is so **ORDERED**.

Approved for entry this 5th day of February, 2009.


DAVID M. GAOUETTE
Acting United States Attorney


s/ Gilbert Cortez Wright
Gilbert Cortez Wright
Pro Se
157 Cutter Circle
Bluffton, SC 29909
Telephone: 843-379-4199
E-mail: gilsheila@hotmail.com

s/ Juan G. Villaseñor
JUAN G. VILLASEÑOR
Assistant United States Attorney
1225 Seventeenth Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 454-0100
Facsimile: (303) 454-0404
E-mail:juan.villasenor@usdoj.gov

DONE AND ORDERED this 9TH day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO